**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION**

| | | |
|---|---|---|
| **DAVID LEON SUTTLE** | ) | |
| | ) | |
| vs. | ) | **NO. MO-07-CR-029** |
| | ) | **NO. MO-09-CV-062** |
| **UNITED STATES OF AMERICA** | ) | |

**GOVERNMENT'S RESPONSE TO PETITIONER'S
MOTION TO VACATE SENTENCE PURSUANT TO 28 U.S.C. § 2255**

In response to Petitioner's Motion to Vacate Sentence Pursuant to 28 U.S.C.§ 2255 filed on June 22, 2009, the United States would show the Court the following:

**PROCEDURAL BACKGROUND**

On May 21, 2007, Petitioner pleaded guilty, with a plea agreement, to Count One of the Indictment, which charged Petitioner with being a felon in possession of a firearm.

On August 7, 2007, the Hon. Robert Junell sentenced Petitioner to a term of two hundred ten (210) months in the United States Bureau of Prisons for Count One.

Petitioner was represented throughout his plea by attorney Tracey Scown, and on appeal by attorney E. Jason Leach. On June 19, 2008, the Fifth Circuit issued a *per curiam* opinion granting Mr. Leach's motion to withdraw as counsel–Leach filed an *Anders* brief–and dismissing Petitioner's appeal on the grounds that the appeal was frivolous.

**PETITIONER'S CLAIMS**

Petitioner has been convicted of numerous felonies, including negligent homicide. In the underlying case, Petitioner fired five shots at an individual riding in a vehicle because that individual owed Petitioner $10. Petitioner pled guilty to being a felon in possession of a firearm.

After pleading guilty, with full knowledge of the penalty range, Petitioner now asserts four grounds for relief, none of which claim that he is unlawfully in prison. In other words, Petitioner does not dispute his guilt. Instead, Petitioner makes two basic claims in his four grounds for relief: (1) his sentence was improperly enhanced under 18 U.S.C. § 924(e) (Grounds One and Two); and (2) the District Court improperly calculated his criminal history score (Grounds Three and Four).

In Petitioner's Plea Agreement ("P.A."), signed on May 21, 2007, he agreed to "waive[] the right to appeal any aspect of the conviction and sentence, and waive[] the right to seek collateral relief in post convictions proceedings, including proceedings under 28 U.S.C. § 2255." (P.A. at 3, ¶5.) The only issue to which the waiver does not apply was clearly stated in the P.A.: "This waiver does not apply to ineffective assistance of counsel or prosecutorial misconduct of constitutional dimension of which the Defendant did not have knowledge at the time of sentencing." (*Id.*) Petitioner does not allege either of these two issues in his current habeas petition. Therefore, this Petition should be dismissed with prejudice on that basis alone.

In addition, the Petition can be dismissed because it raises non-constitutional (alleged) errors in application of the Sentencing Guidelines. "Misapplications of the Sentencing Guidelines . . . are not cognizable in § 2255 motions." *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999) (dismissing habeas appeal where petitioner claimed sentencing judge incorrectly found prior controlled substance conviction to qualify petitioner for career offender enhancement under Sentencing Guidelines); *see also United States v. Auman*, 67 F.3d 157, 161 (8th Cir. 1995) (holding that claim of error in interpreting career offender provision does not present cognizable claim under § 2255). Accordingly, this Court should dismiss this habeas

petition because all of Petitioner's grounds for relief address technical applications of the Guidelines. Aside from the fact that none of the asserted grounds are cognizable in a § 2255 petition, none of them amount to a "fundamental miscarriage of justice" even if Petitioner were correct that the criminal history score was improperly calculated. *See United States v. Vaughn*, 955 F.2d 367 (5th Cir. 1992) ("Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice.").

Furthermore, in *Daniels v. United States*, 532 U.S. 374 (2001), the Supreme Court of the United States held that a prisoner could not use § 2255 to attack a federal sentence enhanced under 18 U.S.C. § 924(e) on the grounds that the prior convictions used to justify enhancement were constitutionally defective. *Id.*; *see also United States v. Clark*, 284 F.3d 563 (5th Cir. 2002) (applying *Daniels*). Here, Petitioner makes essentially the same argument foreclosed by *Daniels*. Petitioner baldly contends that his marijuana trafficking conviction does not qualify for a § 924(e) enhancement. No further explanation is provided. To the extent Petitioner is challenging the validity of the marijuana conviction, he may not do so in a § 2255 petition, per the express holding in *Daniels*. To the extent he believes marijuana trafficking does not qualify as an offense that can be used to enhance under § 924(e), that issue was raised by Petitioner at sentencing, addressed by this Court then, and addressed by the Fifth Circuit in its dismissal of Petitioner's appeal as frivolous.

This Court should follow the Fifth Circuit's lead by summarily dismissing the entire Petition on the basis that it alleges grounds for relief that are: (1) outside the scope of his Plea Agreement; (2) not cognizable in a § 2255 proceeding; and (3) do not amount to a fundamental

3

miscarriage of justice.

WHEREFORE, PREMISES CONSIDERED, the United States respectfully submits that all things are regular in this conviction and sentence, and urges the Court to deny Petitioner's Motion to Vacate Sentence Pursuant to 28 U.S.C.§ 2255.

                        Respectfully submitted,
                        JOHN E. MURPHY
                        ACTING UNITED STATES ATTORNEY

By:    /s/ Austin M. Berry
        AUSTIN M. BERRY
        Assistant United States Attorney
        Bar No. 24062615
        400 W. Illinois, Suite 1200
        Midland, Texas 79701
        432-686-4110
        432-686-4131 FAX

## Certificate of Service

  I hereby certify that a true and correct copy of the foregoing will be mailed on October 1, 2009 to Petitioner:

David Leon Suttle
Register No. 95855-080
Federal Correctional Institute
P.O. Box 1500
El Reno, Oklahoma 73036-1500

              /s/ Austin M. Berry
              AUSTIN M. BERRY
              Assistant United States Attorney

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| DAVID LEON SUTTLE | ) | |
| | ) | |
| vs. | ) | NO. MO-07-CR-029 |
| | ) | NO. MO-09-CV-062 |
| UNITED STATES OF AMERICA | ) | |

## **ORDER**

ON THIS DATE came on to be considered the Petitioner's Motion to Vacate, Set Aside, or Correct Sentence by DAVID LEON SUTTLE in the above-numbered and styled cause, and the Court after considering same is of the opinion that said motion should be DENIED.

IT IS, THEREFORE, ORDERED that the Motion to Vacate, Set Aside, or Correct Sentence by DAVID LEON SUTTLE be and is hereby DENIED with prejudice.

SIGNED and ENTERED this the _____ day of _____, 2009.

_____
ROBERT JUNELL
United States District Judge