# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| **v.** | § | **MO:07-CR-0029-DC** |
| **(1) DAVID LEON SUTTLE.** | § | |

## ORDER

Before the Court is the United States Court of Appeals' Order of Remand for the limited purpose of clarifying the reasons for the Court's denial of the Defendant's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) filed May 27, 2022. (Doc. 75). Defendant argues that three things create an extraordinary and compelling reason for his release: (1) he has medical conditions that create a higher risk if he contracts Covid-19, (2) his age, and (3) his family circumstances. After reviewing the merits of Defendant's motion, the Court finds the factors listed in 18 U.S.C. § 3553(a) do not support early release based on the specific factual reasons stated below.

## DISCUSSION OF SENTENCING FACTORS

In 2006, Defendant was arrested after firing five shots from a stolen, .38 caliber revolver at a person fleeing from Defendant in a vehicle. Defendant was charged and convicted under 18 U.S.C. § 922(g)(1), which prohibits felons from possessing a firearm. Defendant's actions in this case were not a novel occurrence. Indeed, Defendant has an extensive criminal history with habitual criminal activity starting in 1974. His record includes, but is not limited to, burglary, negligent homicide, possession of a controlled substance with intent to distribute, and distribution of a dangerous controlled substance.

Defendant's presentence report considered him an armed career criminal and thus assigned a criminal history category of VI with a guideline range of 180 to 210 months. Then-district court judge Robert Junell selected a prison term of 210 months. Defendant has served over 80% of his sentence and is set to be released in October 2023.

Because of the nature and circumstances of Defendant's offense, and Defendant's characteristics, reducing Defendant's sentence is not justified. Reducing Defendant's sentence would likewise not reflect the seriousness of his offense, promote respect for the law, provide just punishment for the offense, adequately deter criminal conduct, or protect the public from further crimes. A sentence reduction is also unnecessary to provide Defendant with medical care.

It is therefore **ORDERED** that Defendant's Motion for Sentence Reduction be **DENIED**. (Doc. 60)

It is so **ORDERED**.

SIGNED this 1st day of December, 2022.

DAVID COUNTS
UNITED STATES DISTRICT JUDGE